# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| EVAN BURKS, by her parents and natural guardians, Rockland Burks and Adrienne Burks, and ROCKLAND BURKS and ADRIENNE BURKS, individually, | Civil No. 08-3414 (JRT/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO TRANSFER** |
| ABBOTT LABORATORIES, ABBOTT LABORATORIES ROSS PRODUCTS DIVISION, ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, and MEAD JOHNSON & CO., | |
| Defendants. | |

Richard H. Taylor, **TAYLOR MARTINO & KUYKENDALL**, 51 Saint Joseph Street, Mobile, AL 36601; and Stephen C. Rathke, **LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402, for plaintiffs.

Jeannine L. Lee, Robert Bennett, and Wendy M. Canaday, **FLYNN GASKINS & BENNETT, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402; and June K. Ghezzi and Melissa B. Hirst, **JONES DAY**, 77 West Wacker Drive, Suite 3500, Chicago, IL 60601, for defendants Abbott Laboratories, Abbott Laboratories Ross Products Division, and Abbott Laboratories, Inc.

Adam R. Moore, Matthew D. Keenan, and Sarah E. West, **SHOOK HARDY & BACON LLP**, 2555 Grand Boulevard, Kansas City, MO 64108; and Joseph M. Price and Lucas J. Thompson, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for defendants Bristol-Myers Squibb Company and Mead Johnson & Co.

Plaintiffs, Evan Burks (a minor), Rockland Burks, and Adrienne Burks, (collectively, "the Burks"), brought this action against defendants, Abbott Laboratories, Abbott Laboratories Ross Products Division, Abbott Laboratories, Inc., Bristol-Myers Squibb Co., and Mead Johnson & Co. (collectively, "defendants"), for negligence, strict liability, and breach-of-warranty claims relating to Evan's consumption of powdered infant formula.   Defendants filed the instant motions to transfer venue pursuant to 28 U.S.C. § 1404(a), arguing that venue would be more appropriate in the Western District of Louisiana.[1]   For the reasons discussed below, the Court denies the motions.

## BACKGROUND

The Burks are residents of Monroe, Louisiana, and allege that they purchased and were given powdered infant formula manufactured by defendants. Evan consumed the formula while in Louisiana.   Abbott Laboratories (of which Abbott Laboratories Ross Products Division is a division) is incorporated in Illinois, while Abbott Laboratories, Inc. is incorporated in Delaware.   Defendants Bristol-Myers Squibb Company and Mead Johnson & Co. are incorporated in Delaware.   All defendants manufacture and sell a variety of commercial products, including powdered infant formula, which is the subject of the present litigation.

---

[1] The Abbott defendants and the Bristol-Myers Squibb Company and Mead Johnson & Co. defendants filed separate motions to transfer venue.  (Docket Nos. 8, 13.)  This Order considers the merits of both motions.

After Evan's birth in June 2006, plaintiffs allege that they fed Evan defendant-manufactured powdered formula for the first thirty days of her life.  On July 2, 2006, Evan was diagnosed with neonatal meningitis, resulting in permanent, severe brain damage.  The Burks allege that Evan's illness and brain damage were the result of ingesting the defendant-manufactured powdered infant formula, which they claim was contaminated by *Enterobacter sakazakii* bacteria.[2]  These allegations form the basis for the Burks' claims of strict liability, negligence, and breach of warranty.

This lawsuit was originally filed in a Minnesota state district court.  Defendants then removed the case to federal court under 28 U.S.C. § 1446(b).  Defendants have now moved to transfer the case to the United States District Court for the Western District of Louisiana, Monroe Division.  *See* 28 U.S.C. § 1404(a).

## ANALYSIS

### I.    MOTION TO TRANSFER VENUE

Transfer under 28 U.S.C. § 1404(a) is intended to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal

---

[2] *Enterobacter sakazakii* is a bacteria that can cause bloodstream and central nervous system infections.  *E. sakazakii* infections are found in premature infants, mature infants, other children, or adults.  "Infant infections with *E. sakazakii* have been associated with contaminated powdered formula products, but other environmental sources of contamination environment are possible."  Anna B. Bowen & Christopher R. Braden, Centers for Disease Control and Prevention, *Invasive* Enterobacter sakazakii *Disease in Infants*, EMERG. INFECT. DIS., Aug. 2006, *available at* http://www.cdc.gov/ncidod/EID/vol12no08/05-1509.htm.

quotation marks omitted).  When deciding a motion to transfer, courts consider (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.  *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  The moving party must show that the balance of these factors "strongly favors" transfer.  *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996).  Courts are not limited, however, to consideration of those enumerated factors.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.").  Ultimately, the decision to transfer a case is committed to the discretion of the district court.  *Terra Int'l*, 119 F.3d at 691.

### A.   The Convenience of the Parties and Witnesses

#### 1.   The convenience of the parties

In considering the convenience of the parties, § 1404(a) permits transfer to a *more* convenient forum, not to a forum likely to prove inconvenient or equally convenient.  *See Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999).  There is a general presumption in favor of a plaintiff's choice of forum, but courts afford the plaintiff's forum choice significantly less deference when the plaintiff is not a resident of the selected forum, or when the underlying events giving rise to the litigation did not occur in the forum.  *See Nelson*, 58 F. Supp. 2d at 1026.  The mere fact that the case is heard in a foreign state, however, is not by itself an adequate reason to transfer venue.  *See Hughes v. Wheeler*, 364 F.3d 920, 925 (8th Cir. 2005).

Defendants contend that the Burks' choice of forum is entitled to significantly less deference because the Burks are not residents of Minnesota and the underlying events giving rise to this lawsuit did not occur in Minnesota. Although defendants are correct in stating that the law does not require significant deference to the Burks' choice of forum, "less" deference does not mean "no" deference. Defendants must still overcome a presumption in favor of the Burks' selection of Minnesota as a litigation forum. *See Voss v. Johnson & Johnson*, Civ. Nos. 06-3728, 07-1862, 07-1584, 07-2999, 07-1661, 2008 WL 697474, at *2 (D. Minn. March 12, 2008) (noting that, despite plaintiffs being residents of foreign states and their alleged injuries occurring in other states, "the Court finds that defendants have not overcome the presumption in favor of plaintiffs' choice of forum by showing that it would be more convenient for the parties to litigate outside of Minnesota.").

Defendants argue that transfer to Louisiana will be more convenient for all parties to the case. Defendants first claim that Louisiana will be a more convenient forum to litigate for the Burks because the Burks are residents of Louisiana. The Court is not persuaded by this argument. The Burks chose Minnesota as the forum for their lawsuit, and the Court is reticent to question plaintiffs' choice merely because defendants believe a different forum will be more convenient for the Burks.

Defendants also claim that Louisiana is a more convenient forum for them. In particular, defendants argue that their ability to defend against the instant claims and conduct discovery will be vastly improved with transfer. The situs of plaintiffs' alleged

injury is in Louisiana, including the hospital where Evan was treated, the environment where the child lives, and the stores where plaintiffs purchased powdered formula.

Defendants fail to note, however, that the parties will conduct a substantial part of the discovery wherever defendants manufactured the powdered infant formula that is alleged to have caused Evans' injury. Those sites have not yet been identified, and the parties have not suggested that they are in either Minnesota or Louisiana. Thus, the parties will conduct significant discovery outside of either state related to marketing materials, materials documenting the chemical composition of powdered infant formula, and other corporate documents. In a products liability and negligence case, this type of discovery could prove to be decisive. *See Voss*, 2008 WL 697474, at *3 ("In particular, to the extent plaintiffs' claims concern alleged design defects and corporate practices with respect to [the drug] Levaquin, much of the relevant evidence may come from corporate employees and documents."); *see also Klein v. Sandoz Pharms. Corp.*, No. 95 CV 2150, 1996 WL 204495, at *2 (E.D.N.Y. April 16, 1996). When the parties will conduct significant discovery in a state *other* than Minnesota or Louisiana, venue in the Western District of Louisiana cannot be found to be more convenient.

In sum, the Court finds that defendants failed to overcome the presumption favoring the Burks' choice of forum.

## 2. Convenience of the witnesses

When assessing the convenience of the witnesses, the Court should consider the number of essential non-party witnesses, those witnesses' locations, and the Court's

preference for live testimony over depositions. *See Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984). Although the location of non-party witnesses plays a critical role in this determination, *Coast-to-Coast*, 594 F. Supp. at 735, "[s]heer numbers of witnesses will not decide which way the convenience factor tips." *Terra Int'l*, 119 F.3d at 696 (quoting *Terra Int'l, Inc., v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1360 (N.D. Iowa 1996)).

Defendants argue that the majority of potential third-party witnesses, who are beyond Minnesota courts' authority to subpoena to testify in person, are in Louisiana. Defendants list possible witnesses as "doctors, nurses, family, friends, visitors, and likely neighbors." (Docket No. 20.) In assessing the impact of these witnesses on the transfer determination, however, "the court must examine the materiality and importance of the[ir] anticipated testimony." *Reid-Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir. 1991). Defendants claim that they have "accurately described the roles" that these potential third-party witnesses played, but defendants have not specified which witnesses will be called to testify, nor have defendants explained what testimony these witnesses will provide. Without specifying which third-party witnesses defendants intend to call, it is difficult for the Court to determine how material and important their testimony will be. The Court also notes that treating physicians frequently rely on videotaped depositions to provide testimony, even when they reside in a district in which a Court has subpoena power to compel live testimony. In addition, the Court anticipates causation to be an important issue, thus extenuating the importance of expert testimony as to causation.

Expert witnesses in the case are unlikely to be limited to the Western District of Louisiana.

Because this Court may subpoena party-witnesses, Fed. R. Civ. P. 45(a)(2), the Court will still hear live, crucial testimony from plaintiffs and corporate defendants. *See Voss*, 2008 WL 697474, at *3. While it may be more convenient for some of the witnesses if the case is transferred to Louisiana, the fundamental concern in assessing the convenience of the witnesses is the "relative ease of access to sources of proof." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 962 (D. Minn. 2006). The Court does not see a compelling argument that, on balance, transfer will greatly increase access to sources of proof through live testimony of undetermined third-party witnesses and, as a consequence, the Court finds that the convenience of the witnesses does not strongly favor transfer.

### B.      The Interest of Justice

The interest of justice factor is weighed very heavily when considering a motion under § 1404(a). *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). In determining whether the interest of justice warrants transfer, courts consider "the relative familiarity of the two courts with the law to be applied, the relative ability of parties to bear the costs of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment." *Graff*, 33 F. Supp. 2d. at 1122; *see also Terra Int'l*, 119 F.3d at 696. As noted above, although the Burks are not residents of Minnesota and the underlying events

giving rise to this litigation arose in Louisiana, defendants have not overcome the presumption in favor of the Burks' choice of forum.

In considering the costs of litigating in a distant forum, defendants are national corporations with extensive resources and they should reasonably expect to face potential litigation in any forum in which they conduct business, including Minnesota. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Thus, at this stage, the Court believes that defendants have adequate resources to address the discovery and litigation issues that accompany these causes of action.

As to the law to be applied, defendants also claim that "it is beyond doubt" that Louisiana substantive law under the Louisiana Products Liability Act ("LPLA") will apply to the case and that Louisiana has a substantial interest in applying that law. The Burks counter that defendants' core goal in seeking transfer to Louisiana is to take advantage of Louisiana's shorter statute of limitations for product liability actions. There is a simple resolution, however, to the parties' choice-of-law contentions: a transferee court is bound to apply the same choice-of-law principles as the transferor court would apply. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). In *Burnett v. Wyeth Pharm., Inc.*, 2008 WL 732425, at *2 (D. Minn. March 17, 2008), the court held that

> a change of venue under § 1404(a) affects only the location of the courthouse, not the law to be applied. The transferee court must apply the state law that would have applied to the action had there been no transfer of venue. . . . Therefore, the issue of which state's statute of limitations will apply to this action does not weigh against transferring this case, as the issue can be properly decided by the transferee court.

Thus, a court in the Western District of Louisiana will apply the same substantive law and statute of limitations as a court in the District of Minnesota.  Consequently, the issue of the applicable statute of limitations does not favor either party in the decision to grant a motion to transfer venue.

Defendants' assertion that Louisiana has an interest in adjudicating this claim and that Louisiana courts are familiar with the LPLA is relevant to the evaluation of the interest of justice, but it is not dispositive.  The LPLA does not delineate a series of legal principles that are foreign to this Court; it is merely the Louisiana-specific legal remedy for products liability actions.  Regardless, the District of Minnesota is very capable of applying either Louisiana or Minnesota law.  *Nesladek v. Ford Motor Co.*, 876 F. Supp. 1061, 1069 (D. Minn. 1994) ("Minnesota courts are fully qualified to apply the laws of another forum.").

As a general rule, transfer under § 1404(a) should not be freely granted, and this Court has been particularly reluctant to transfer cases out of the District of Minnesota.  *See In re of Monies on Deposit in Accounts at Stearns Bank Nat'l Ass'n*, Civ. No. 06-542, 2006 WL 3841518, at *3 (D. Minn. Dec. 29, 2006).  Based on the foregoing analysis, the Court finds that defendants have not shown that the balance of all relevant factors strongly favors transfer to the Western District of Louisiana.  Accordingly, defendants' motion to transfer is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1.      Defendants Abbott Laboratories, Abbott Laboratories Ross Products Division, and Abbott Laboratories, Inc.'s Motion to Transfer Venue [Docket No. 8] is **DENIED**.

2.      Defendants Bristol-Meyers Squibb Company and Mead Johnson & Co.'s Motion to Transfer Venue [Docket No. 13] is **DENIED.**


DATED:  November 5, 2008                    _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge