# UNITED STATES District COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCKLAND BURKS and ADRIENNE LAWRENCE, individually and as parents and natural guardians of E.B., | Civil No. 08-3414 (JRT/JSM) |
| Plaintiffs, | |
| v. | **ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED JULY 8, 2011** |
| ABBOTT LABORATORIES and MEAD JOHNSON & CO., | |
| Defendants. | |

Richard H. Taylor, **TAYLOR MARTINO**, 51 Saint Joseph Street, Mobile, AL 36601; W. Lloyd Copeland, **TAYLOR MARTINO**, PO Box 894 Mobile, AL 36601; Stephen C. Rathke and Kate G. Westad, **LOMMEN, ABDO, COLE, KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402; Kara Hadican Samuels, **SANGISETTY & SAMUELS, LLC,** 610 Baronne Street, 3rd Floor, New Orleans, LA 70113, for plaintiffs.

June K. Ghezzi, Melissa B. Hirst, Kelly M. Marino, and Paula S. Quist, **JONES DAY,** 77 West Wacker Drive, Suite 3500, Chicago, IL 60601; Robert Bennett, Sara H. Daggett, and William J. Tipping, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for defendant Abbott Laboratories.

Anthony J. Anscombe, David J. Grycz, Diana L. Geseking**,** and Karen E. Woodward, **SEDGWICK LLP,** One North Wacker Drive, Suite 4200, Chicago, IL 60606**;** Brian W. Thomson, Jonathon T. Naples, and Frederick W. Morris, **LEONARD STREET AND DEINARD, PA,** 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant Mead Johnson & Co.

Rockland Burks and Adrienne Lawrence (collectively, "the Burks") brought this action against defendants Abbott Laboratories ("Abbott") and Mead Johnson & Company ("Mead"), alleging products liability claims relating to their daughter's consumption of powdered infant formula ("PIF").  On April 20, 2010, this Court granted in part and denied in part defendants' motions to dismiss the Burks' Fourth Amended Complaint. (Docket No. 130.)  The Burks' remaining claims are premised on an inadequate warning claim under the Louisiana Product Liability Act ("LPLA").  On July 8, 2011, United States Magistrate Judge Janie S. Mayeron issued an order granting in part and denying in part plaintiffs' motion to compel Abbott's disclosure or discovery.  (Docket No. 209.) Before the Court are Abbott's objections to the Magistrate Judge's order.  For the reasons set forth below, the Court affirms the Order.

## BACKGROUND

On June 19, 2006, the Burks' daughter, Evan, was born in Louisiana.  (Fourth Am. Compl. ("FAC") ¶ 6, Docket No. 111.)  Evan was born full term, and for the first 28 days of her life had a normal immune system for her age.  (*Id.* ¶ 7.)  In June 2006, prior to Evan's birth, Abbott sent unsolicited mailings including packets of PIFs to the Burks at their home address in Louisiana.  (*Id.* ¶ 8.)  On or around June 26, 2006, the Burks purchased two cans of PIF manufactured by Mead.  (*Id.* ¶ 9.)  On June 26, 2006, the Burks began feeding Evan the PIFs.  (*Id.* ¶ 10.)  On July 2, 2006, after showing signs of illness, Evan was admitted to the hospital and diagnosed with neonatal *Enterobacter sakazakii* ("*E. sak*") meningitis, which caused her to suffer severe brain damage.  (*Id.*

¶ 12.)  The Burks claim that the bacteria that caused Evan's illness originated from "the bacteria colony or its progeny" that contaminated Abbott's and Mead's PIF facilities, finished product PIF prior to distribution, and/or cans of PIF.  (*Id.* ¶¶ 17-18.)

The Burks have filed a total of five Complaints. In response to each complaint, defendants moved to dismiss. In response to the motions to dismiss the FAC, this Court, in an April 20, 2010 Order, concluded that the Burks had pled a plausible claim for inadequate warning under the LPLA but dismissed with prejudice the Burks' allegations that were not based on inadequate warning claims.  (Docket No. 130.)

On June 16, 2010, the Burks served written discovery on the defendants.  Abbott did not deliver the majority of its documents to the Burks until November 12, 2010. After a series of correspondence between the parties attempting to resolve the discovery disputes, the Burks notified Abbott of their intention to seek a notice to compel and finally sought a motion to compel.  The motion was granted in part and denied in part by the Magistrate Judge. (Docket No. 172.)  Abbott objects to portions of that order.

## ANALYSIS

## I.   STANDARD OF REVIEW

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential.   *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

## II.    DEFENDANT ABBOTT LABORATORIES' OBJECTIONS

Before the Court are Abbott's objections to the Magistrate Judge's Order granting the Burks' motion to compel discovery of (1) all of Abbott's positive *Enterobacteriaceae* ("*Eb*") or *E. sak* findings "for all raw products, finished products and the environment at its Casa Grande plant between January 1, 2002 and June 26, 2006" (Order at 15); (2) transcripts from all prior depositions of Abbott employees taken in connection with any *E. sak* litigation (*id.* at 19-21); and (3) all documents related to Abbott's involvement in the International Formula Counsel (IFC)'s development of a document entitled "Industry Proposal on Formula Testing" (*id.* at 21-23).  (Abbott Labs.'s Objections to the Magistrate's July 8, 2011 Order on Pl.'s Mot. to Compel at 2-3, Docket No. 210.)

### A.    Abbott's Positive *Enterobacteriaceae* or *E. sak* Findings

Abbott asserts the Order compelling production of all of Abbott's positive *Eb* or *E. sak* findings for all products and the environment at its Casa Grande plant was erroneous because positive *Eb* findings were never the subject of a discovery request and the results of *Eb* tests would be irrelevant to any issue in this case.  Abbott also asserts that the test results would be irrelevant for any product manufactured at the Casa Grande plant other than PIF.  However, this Court agrees with the Magistrate Judge that the expert evidence submitted by the Burks provides adequate support that testing on other products is relevant because of the danger of cross-contamination from other products made on the same equipment.  (*See* Order at 9, 14-15.)

Regarding the inclusion of *Eb* test results, the Magistrate Judge noted that

> [a]t oral argument, plaintiffs' attorney admitted that the requests did not ask for testing for Eb, but according to counsel, it is common for manufacturers to test for Eb, not E. sakazakii.  Because E. sakazakii is a member of the Eb family, counsel argued that plaintiffs' request for Eb testing was "essentially the same" as their request for E. sakazakii testing. . . . Abbott's counsel stated that Abbott did test for Eb and that if there were any positive results, it conducted a follow-up for specific testing for E. sakazakii.

(*Id.* at 9.)

Abbots asserts that test results for *Eb* at its Casa Grande plant are irrelevant. Because *E. sak* is a member of the *Eb* family, a sample containing *E. sak* would produce a positive result in either an *Eb* test or a test specific for *E. sak*.  *Eb* test results are, therefore, relevant for the purposes of determining the presence of *E. sak*; indeed, an *Eb* test could be considered a type of test for *E. sak*.  Abbott asserts that because it tests for *Eb* and "if there are any positive results, conducts a follow-up test *to specifically test for E. sak*" that any test results "that may have been positive for *Eb – but negative for E. sak* – cannot logically (or legally) show that the Abbott product at issue actually contained *E. sak*." (Abbott Labs.'s Objections to the Magistrate's July 8, 2011 Order on Pl.'s Mot. to Compel at 11-12.)  However, as the Magistrate Judge noted, the Burks provide expert evidence that there "is not necessarily a uniform distribution of E. sakazakii within PIF. . . . A negative result for a given sample does not mean that the entire lot is negative or that any individual package from a lot will be negative." (Order at 12.)  Therefore, a positive test for *Eb* in one sample, even in the presence of a negative test *E. sak* from a different sample from the same lot, would not necessarily mean that the lot did not contain *E. sak*.  Thus, the Magistrate Judge did not commit clear error by compelling the

production of *Eb* test results because a request for positive *E. sak* tests could reasonably include positive *Eb* test results, and positive *Eb* tests would be relevant.

### B.      Deposition Transcripts

Abbott asserts that the Order compelling deposition transcripts is contrary to law because the Burks never moved to compel such a broad production and the Burks have failed to make a showing that the depositions have relevance to the remaining issues in this case.[1]  However, the Burks' motion to compel requested exactly what the Magistrate Judge Order compelled: a "finding and determination that prior deposition transcripts of Abbott personnel in *E. sakazakii* litigation are discoverable, ordering Defendant to produce copies of all deposition transcripts and their exhibits."  (Pl.'s Mot. to Compel Abbott's Disclosure or Disc. ¶ 4, Docket No. 172.)  The Court agrees with the Magistrate Judge's determination that the deposition transcripts are relevant to the remaining issues in the case because they may "contain evidence that reflects Abbott's knowledge regarding E. sakazakii, how Abbott formulated its package labeling and warnings . . . how Abbott tested for the presence of E. sakazakii, and how frequently it detected E. sakazakii at its manufacturing plants."  (*See* Order at 21.)  Therefore, the Order compelling deposition transcripts is neither contrary to law nor clearly erroneous.

---

[1]  In support of its contention, Abbott alleges that it is citing to the Burks' Motion to Compel (Docket No. 172) but quotes from (and includes the docket number of) the Burks' Memorandum in Support of Motion to Compel (Docket No. 174).

[2]  "[I]t is axiomatic that '[t]he party opposing discovery bears the burden of showing that the discovery request is overly broad and burdensome by alleging facts demonstrating the extent and nature of the burden imposed by preparation of a proper response.'" *E.E.O.C. v. Schwan's*

C.      **International Formula Counsel**

Abbott contends the Order compelling production of IFC-related documents is erroneous because the plaintiffs failed to request the documents during discovery. However, the Magistrate Judge found that the plaintiffs' request fell within their prior broad request for "all documents concerning Enterobacter sakazakii.'" (*Id.* at 22 (citing Doc. Req. No. 11).)  The Magistrate Judge noted that in another circumstance she might have found this request overly broad.  (*Id.*)  However, because Abbott had failed to meet its burden of demonstrating that the discovery request was overly broad or burdensome by alleging specific facts demonstrating the extent and nature of the burden imposed,[2] the Magistrate Judge declined to find the original request was overly broad.  (*Id.*)  The Magistrate Judge also ordered that it was in the interests of justice for Abbott to produce its IFC documents because she had ordered that Mead produce its IFC documents.  (*Id.* at 22-23.)  The Magistrate Judge gave extensive reasons why the production of these documents was relevant to the Burks' claims of inadequate warning and referenced these reasons.  (*Id.* at 22-23, 26-27.)  In conclusion, the Magistrate Judge's determination that the Burks' original discovery request concerning the IFC documents is reasonable, and the order to compel disclosure of these documents is not clearly erroneous.

---

[2] "[I]t is axiomatic that '[t]he party opposing discovery bears the burden of showing that the discovery request is overly broad and burdensome by alleging facts demonstrating the extent and nature of the burden imposed by preparation of a proper response.'" *E.E.O.C. v. Schwan's Home Serv.*, 692 F. Supp. 2d 1070, 1087 n.12 (quoting *Sinco, Inc. v. B & O Mfg., Inc.,* No. 03-5277, 2005 WL 1432202 at *2 (D. Minn. May 23, 2005)).

The Court concludes that the Magistrate Judge's order was not clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Abbott Laboratories' appeal of the Magistrate Judge's Order [Docket No. 210] is **DENIED** and the Magistrate Judge's Order on Plaintiffs' Motion to Compel dated July 8, 2011 [Docket No. 209] is **AFFIRMED**.

DATED:  October 31, 2011
at Minneapolis, Minnesota.

_____s/ John H. Tunheim_____
JOHN R. TUNHEIM
United States District Judge