UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCKLAND BURKS and ADRIENNE LAWRENCE, *individually, and as parents and natural guardians of E.B.*,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES and MEAD JOHNSON and COMPANY,<br><br>Defendants. | Civil No. 08-3414 (JRT/JSM)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**<br><br>*REDACTED* |

Stephen C. Rathke, Kate G. Westad, and Nicholas A. Dolejsi, **LOMMEN, ABDO, COLE, KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402; Kara Hadican Samuels, **SANGISETTY & SAMUELS, LLC**, 610 Baronne Street, Third Floor, New Orleans, LA 70113; Richard H. Taylor and W. Lloyd Copeland, **TAYLOR, MARTINO, & ZARZAUR, P.C.**, 51 Saint Joseph Street, Mobile, AL 36601, for plaintiffs.

June K. Ghezzi, Melissa B. Hirst, Kelly M. Marino, and Paula S. Quist, **JONES DAY**, 77 West Wacker Drive, Suite 3500, Chicago, IL 60601; and William J. Tipping, Robert Bennett, and Sara H. Daggett, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for Abbott Laboratories.

Mark L. Tripp, **BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE PC**, 801 Grand Avenue, Suite 3700, Des Moines, IA 50309; Anthony J. Anscombe, Margaret P. Daday, and David J. Grycz, **SEDGWICK LLP**, One North Wacker Drive, Suite 4200, Chicago, IL 60606; Karen E. Woodward, **SEDGWICK LLP**, 801 S Figueroa Street, 19th Floor, Los Angeles, CA 90017; and Jonathon T. Naples, Brian W. Thomson, and Frederick W. Morris, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for Mead Johnson & Company.

Rockland Burks and Adrienne Lawrence ("Plaintiffs") bring this failure to warn action against Abbott Laboratories ("Abbott") and Mead Johnson & Company alleging their powdered infant formula ("PIF") was contaminated with Enterobacter sakazakii ("E. sak") and that they failed to warn of the risks of this contamination. On January 23, 2012, Abbott moved to strike two of Plaintiffs' experts, Dr. Scott Donnelly and Dr. Catherine Donnelly, and to bar evidence regarding dismissed claims. On June 18, 2012, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") denying Abbott's motion. This matter is before the Court on Abbott's objections to the R&R. The Court reviews *de novo* the portions of the R&R to which Abbott objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Because the Court finds that the opinions of Dr. Scott Donnelly and Dr. Catherine Donnelly are relevant to Plaintiffs' failure to warn claim, the Court will overrule Abbott's objections and adopt the R&R.

## BACKGROUND

Plaintiffs' daughter E.B. was born full-term on June 19, 2006. (*See* Fourth Am. Compl. ("FAC") ¶ 6, Aug. 17, 2009, Docket No. 111.)[1] On June 26, 2006, Plaintiffs began feeding E.B. two types of PIF: Similac Isomil Advance, manufactured by Abbott,

---

[1] The Court recites the facts only to the extent necessary to rule on Abbott's objections to the Magistrate Judge's R&R. A more comprehensive recitation of the facts can be found in the Magistrate Judge's R&R, (Docket No. 367), and in this Court's previous orders, including *Burks v. Abbott Labs.*, Civil No. 08-3414, 2011 WL 5176903 (D. Minn. Oct. 31, 2011) and *Burks v. Abbott Labs.*, Civil No. 08-3414, 2010 WL 1576779 (D. Minn. Apr. 20, 2010).

and Enfamil ProSobee Lipil, manufactured by Mead Johnson & Company. (*See id.* ¶ 10.) E.B. began to show signs of a possible infection on July 2, 2006, and was admitted to a neonatal intensive care unit. (*See id.* ¶¶ 11-12.) At the intensive care unit, E.B. was diagnosed with neonatal E. sak meningitis, which Plaintiffs allege caused severe brain damage to E.B. (*See id.* ¶ 12.)

I. PROCEDURAL HISTORY

On April 20, 2010, this Court dismissed with prejudice Plaintiffs' Louisiana Products Liability Act ("LPLA") claims against Defendants for construction or composition defect, an unreasonably dangerous design, and failure to conform to an express warranty. *Burks v. Abbott Labs.*, 2010 WL 1576779 (D. Minn. Apr. 20, 2010). The Court dismissed Plaintiffs' construction or composition defect claim because Plaintiffs failed to allege sufficient facts identifying Defendants' manufacturing specifications or standards and therefore could not show how Defendants' PIF deviated from such specifications or standards. *Id.* at *3. Similarly, this Court dismissed Plaintiffs' unreasonably dangerous design claim because Plaintiffs failed to plead facts supporting the availability of an alternative design or showing that the benefit of an alternative design would outweigh its disadvantages. *Id.* at *3-5.

In that same order, however, this Court found that Plaintiffs had adequately pled an inadequate warning claim. Under the LPLA, a product is "unreasonably dangerous" if "an adequate warning about the product has not been provided [and], at the time the product left its manufacturer's control, the product possessed a characteristic that may

cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. Rev. Stat. § 9:2800.57(A). First, applying this statute, the Court held that Plaintiffs had adequately alleged that, because of E. sak contamination, Defendants' PIF had a "characteristic" that rendered it unreasonably dangerous without additional warning to consumers. *Id.* at *6.[2] Second, the Court held that Plaintiffs had properly alleged that Defendants did not exercise reasonable care to provide adequate warnings that their PIF should not be fed to neonates such as E.B. *Id.* at *7. Third, the Court held that plaintiffs had, as required under the LPLA, adequately pled that Defendants' products proximately caused[3] damage to E.B. *Id.* at *8. Accordingly, this Court allowed Plaintiffs to proceed with a claim under the LPLA for inadequate warning. *Id.*

## II. THE DRS. DONNELLY

Plaintiffs retained Dr. Scott Donnelly and Dr. Catherine Donnelly, who are husband and wife, as expert witnesses in this case. (*See* Mem. in Supp. of Mot., Ex. A

---

[2] Abbott's "Directions for Preparation and Use" of the PIF stated, "Powdered infant formulas are not sterile and should not be fed to premature infants or infants who might have immune problems unless directed and supervised by your baby's doctor." *Burks v. Abbott Labs.*, 2010 WL 1576779, at *6. Plaintiffs claimed that this warning did not apply to E.B. because she was a full-term neonate with a normal immune system; thus, Plaintiffs pled a plausible claim that Abbott's "Directions for Preparation and Use" did not adequately reflect the dangers of the PIF to E.B. *Id.* at *6-7.

[3] Under the LPLA, "The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. Rev. Stat. § 9:2800.54(A).

(Decl. of L. Scott Donnelly), Jan. 23, 2012, Docket No. 292, Ex. B (Decl. of Catherine W. Donnelly), Jan. 23, 2012, Docket No. 292.) This Court's scheduling order directed Plaintiffs to disclose the identity of their experts by December 28, 2011. (*See* Pretrial Scheduling Order at 2, Nov. 16, 2011, Docket No. 284.) Accordingly, on December 28, 2011, Plaintiffs produced to Defendants the reports of Dr. Scott Donnelly and Dr. Catherine Donnelly. (*See* Memo. in Support at 1, Jan. 23, 2012, Docket No. 291.)

Plaintiffs originally retained Dr. Scott Donnelly to give an opinion about the design, construction, and composition of Abbott's Similac Isomil Advance PIF. (*See* Scott Donnelly Decl. at 1.)[4] Much of his declaration is devoted to an exploration of E. sak and E. sak testing at Abbott's Casa Grande Plant. He describes various testing methods for E. sak that Abbott has used and identifies the problems with those methods. (*See id.* at 7-9.) He pays particularly close attention to the testing procedures in place at the time Abbott manufactured the PIF that E.B. eventually consumed, explaining the reasons, in his opinion, that the testing procedures used would fail to identify E. sak in some batches of PIF. (*See id.* at 8-13.) Dr. Scott Donnelly also offers his opinion about reasonable alternatives Abbott could have used to guarantee the PIF would be free of

---

[4] In his declaration, Dr. Scott Donnelly explains that he was "[a]sked to give an opinion regarding the following issues: (1) whether Abbott Laboratories' design of powdered infant formula rendered the product unreasonably dangerous in normal use to ordinary consumers . . . and (2) whether Abbott Laboratories' construction or composition of powdered infant formula rendered the product unreasonably dangerous in normal use to ordinary consumers because the products deviated in a material way form [sic] the manufacturers [sic] specifications or performance standards." (Scott Donnelly Decl. at 1.)

E. sak. (*See id.* at 18.) Based on his evaluation of Casa Grande, he concluded that Abbott's testing of PIF during its manufacturing process was inadequate and the inadequacies "[r]endered the product dangerous in normal use to ordinary consumers . . . ." (*Id.* at 4.) Furthermore, he concluded that "the unfortunate conclusion is that the injured infant could have been fed E. sak contaminated product from . . . Abbott Laboratories." (*Id.* at 13, 22.)

Dr. Catherine Donnelly was retained to provide an opinion on the cause of E.B.'s E. sak infection.[5] Her central conclusion, "to a reasonable degree of scientific certainty, is that it is more probable than not that either Enfamil ProSobee Lipil produced by Mead Johnson in its Zeeland [sic], Michigan plant or Similac Isomil Advanced produced by Abbott in its Casa Grande plant was the source of [E.B.]'s *E. sakazakii* infection." (Catherine Donnelly Decl. at 6.) She concluded that it is unlikely that Plaintiffs introduced E.B.'s E. sak infection during food preparation, that it is scientifically possible that the stick of PIF consumed by E.B. could have contained sufficient E. sak to cause harm to her, that certain environmental conditions at Abbott's plant may have allowed for E. sak contamination, **REDACTED REDACTED REDACTED REDACTED** and used testing procedures in 2006 that would allow E. sak-positive samples to go undetected, and that Abbott consequently put consumers at risk. (*See id.* at 6-13.) She

---

[5] Dr. Catherine Donnelly's declaration states that she was "asked to give an opinion concerning whether it is more probable than not that the source of the [E. sak] infection developed by [E.B.] originated in the powdered infant formula (PIF) fed to this infant." (Catherine Donnelly Decl. at 1.)

finished her declaration by repeating verbatim the "Summary of Opinion" section from Dr. Scott Donnelly's declaration regarding the design, construction, and composition of Abbott's PIF. (*See id.* at 13.)[6]

## III. ABBOTT'S OBJECTIONS TO THE R&R

Abbott objects to the Magistrate Judge's R&R on four grounds. First, Abbott claims that the R&R errs as a matter of law by concluding that Dr. Scott Donnelly's opinions are relevant to the elements of a failure to warn claim. Second, Abbott maintains that the R&R is contrary to Plaintiffs' expert designations. Abbott alleges that Plaintiffs designated three causation experts and two warnings experts but that Dr. Scott Donnelly was not designated as either and therefore this Court should strike him. Further, Abbott contends that this Court should strike Dr. Catherine Donnelly's reiteration of Dr. Scott Donnelly's conclusions on manufacturing and design defects issues because they do not relate to Dr. Catherine Donnelly's designation as a causation expert.

Third, Abbott argues that the R&R conflicts with the law of the case. Specifically, Abbott maintains that the Magistrate Judge's recommendation to allow Dr. Scott Donnelly and Dr. Catherine Donnelly to give opinions relating to claims other than

---

[6] Specifically, Dr. Catherine Donnelly's declaration concludes by stating, "Further, it is my opinion that (1) Abbott's design of powdered infant formula rendered the product unreasonably dangerous in normal use to ordinary consumers and that an alternative design for the product existed that was capable of preventing the child's damage, and (2) Abbott's construction or composition of powdered infant formula rendered the product unreasonably dangerous in normal use to ordinary consumers because the products deviated in a material way form [sic] the manufacturer's specifications or performance standards." (*Id.* at 13.)

inadequate warning contradicts this Court's dismissal with prejudice of Plaintiffs' manufacturing and design defect claims.

Finally, Abbott claims that the R&R was untimely and therefore seriously hinders Abbott's ability to prepare a defense to the opinions of Drs. Scott and Catherine Donnelly. Abbott contends that the R&R was untimely because the Magistrate Judge entered it five months after Abbott's motion to strike, three months after this Court refused to allow Plaintiffs to revive their manufacturing and design defect claims, and three months after expert discovery had closed. The Court will address each of Abbott's four grounds for objection to the Magistrate Judge's R&R in turn.

## DISCUSSION

### I. RELEVANCE OF DR. SCOTT DONNELLY'S OPINION

First, this Court must decide whether the Magistrate Judge erred as a matter of law by finding Dr. Scott Donnelly's opinions relevant to the issue of inadequate warning, which is the one remaining claim after the Court's previous order. Abbott argues that Dr. Scott Donnelly's opinions are irrelevant because they only speak to the issues dismissed by the Court. An expert's opinions are relevant if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact **in issue** . . . ." Fed. R. Evid. 702 (emphasis added).[7]

---

[7] Rule 702 also places other requirements on expert testimony. *See Burris v. Versa Products, Inc.*, Civil No. 07-3938, 2009 WL 3164783, at *4 (D. Minn. Sept. 29, 2009) (outlining three prerequisites to admissibility under Federal Rule of Evidence 702). In its objections, Abbott appears to raise issues under Rule 702 beyond those discussed in this order, such as

(Footnote continued on next page.)

"Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006).

For Plaintiffs to prevail in their inadequate warning claim, they must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimed damage was proximately caused by a "characteristic" of the product; (3) that this characteristic made the product "unreasonably dangerous" (here, through inadequate warnings about the dangerous characteristic); and (4) that the claimed damage arose from a reasonably anticipated use of the product by the claimant or someone else. *Jack v. Alberto-Culver USA, Inc.*, 949 So. 2d 1256, 1258-59 (La. 2007). The element of causation requires proof of both general and specific causation. *Autery v. SmithKline Beecham Corp.*, Civil No. 05-0982, 2011 WL 1812793, at *6 (W.D. La. 2011). "General causation deals with whether the substance at issue can cause diseases or disorders in people in general. Specific causation focuses upon whether the substance was **in fact** the cause of the ailments or symptoms in the particular patient." *Id.* (citations omitted).

Dr. Scott Donnelly's declaration is relevant to the second element of an inadequate warning claim: that the claimed damage was proximately caused by a "characteristic" of the product. First, his opinions address whether Abbott's PIF contains a dangerous

---

(Footnote continued.)

whether the Donnellys' opinions are adequately based on scientific, technical, or specialized knowledge. The Court declines to consider these additional issues in connection with this motion because Abbott stated that in the memorandum accompanying its motion to strike that it was reserving *Daubert* challenges to the methodology and knowledge of the Donnellys, rather than raising them as part of this motion. (*See* Memo. in Support at 5 n.1.)

characteristic, E. sak. He concludes, among other matters, that Abbott manufactured its PIF without adequate testing for contamination by E. sak. (*See* Scott Donnelly Decl. at 4-18.) Second, his opinions are relevant to causation, namely whether Abbott's PIF caused damage to E.B., because they relate to the likelihood of exposure to E. sak from consuming Abbott's PIF. As a result, his opinions are relevant to elements of an inadequate warning claim regardless of whether they would also have supported properly-pled manufacturing and design defect claims.[8]

## II. PLAINTIFFS' EXPERT DESIGNATIONS

This Court must also decide whether to set aside the R&R because it conflicts with two of Plaintiffs' alleged "expert designations." First, the Court must determine if the R&R conflicts with Plaintiffs' alleged designation of Dr. Scott Donnelly as an expert on manufacturing and design. Second, the Court must decide if the R&R improperly suggests that Dr. Catherine Donnelly may opine on issues unrelated to causation, when Plaintiffs allegedly designated her only as a causation expert.

### A. Dr. Scott Donnelly

Dr. Scott Donnelly, when providing a written report to Defendants, was required to give Defendants "a complete statement of all opinions [he] will express and the basis

---

[8] The Court cautions Plaintiffs, however, that because all claims other than inadequate warning have been dismissed with prejudice, the Court will only allow expert testimony at trial insofar as it relates to specific elements of an inadequate warning claim. This ruling should not be viewed as an invitation to re-raise dismissed claims relating to the product's design, composition, or construction.

and reasons for them." *See* Fed. R. Civ. P. 26(a)(2)(B)(i). The Court finds that Abbott has produced no evidence that Dr. Scott Donnelly intends to express opinions beyond those outlined in his report. Furthermore, contrary to Abbott's contentions, the Court finds no evidence of a designation for Dr. Scott Donnelly that would limit his testimony to the dismissed claims. Rather, it is clear from the substance of his declaration that he is opining about issues that are relevant to Plaintiffs' surviving inadequate warning claim. Because Plaintiffs disclosed Dr. Scott Donnelly's declaration to Defendants as required and because it is relevant to Plaintiffs' inadequate warning claim, the Magistrate Judge did not err by recommending that this Court deny Abbott's Motion to Strike.

B.     **Dr. Catherine Donnelly**

Abbott also argues that the Court should strike Dr. Catherine Donnelly's reiteration of Dr. Scott Donnelly's conclusions on Abbott's manufacturing problems because it goes beyond the bounds of her designation as a causation expert. This is essentially a repetition of the attack on Dr. Scott Donnelly and fails for similar reasons. As in the case of Dr. Scott Donnelly, Abbott has provided no evidence that Dr. Catherine Donnelly was designated as an expert in one particular subject or that she failed to provide a complete statement of all opinions she will express and the basis and reasons for them. *See* Fed. R. Civ. P. 26(a)(2)(B). Rather, in Dr. Catherine Donnelly's declaration, she referred to her causation findings as her "core opinion," but she provided additional analysis and opinions about the dangerousness of Plaintiffs' PIF due to, for example, their testing procedures. (Catherine Donnelly Decl. at 1, 8-12.) As explained

above, these issues are relevant to general causation and an assessment of a dangerous characteristic, both of which are elements of an LPLA inadequate warning claim. The Magistrate Judge did not err in finding that Dr. Catherine Donnelly could express an opinion about the likelihood of E. sak contamination in PIF generally and the likelihood of E. sak contamination in PIF manufactured in Abbott's plant.[9]

## III. THE LAW OF THE CASE

This Court must next determine whether the Magistrate Judge's recommendation not to strike Drs. Scott and Catherine Donnelly conflicts with the law of the case. The law of the case doctrine establishes that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th Cir. 2007) (quoting *Little Earth of the United Tribes, Inc. v. United States Dept. of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986)). The goal of the doctrine is to avoid the relitigation of settled issues. *See Little Earth of the United Tribes*, 807 F.2d at 1441.

Because the opinions of Drs. Scott and Catherine Donnelly are relevant to the remaining inadequate warning claim, the Court holds that not striking Drs. Scott and Catherine Donnelly's opinions does not contradict the law of the case. Rather, the subjects discussed in their declarations are relevant to an inadequate warning claim under the LPLA.

---

[9] As noted above, this Court is not now issuing a final ruling on the admissibility of Dr. Scott Donnelly or Dr. Catherine Donnelly's testimony. This order addresses only the threshold issues raised in this motion.

Abbott drew the Court's attention to several cases in which a court excluded expert testimony because it was based on claims that the court had dismissed. (*See* Defs.' Memo. in Supp. of Abbott's Mot. to Strike, 7-9, Jan. 23, 2012, Docket No. 291.) However, these cases are distinguishable because, in each of them, the court struck the expert or excluded his or her testimony because the expert's opinion pertained **exclusively** to the dismissed claims and was therefore no longer relevant.[10] Consequently, the Court finds that the opinions of Dr. Scott Donnelly and Dr. Catherine Donnelly do not contradict the law of the case.

## IV. UNTIMELY AND FUNDAMENTALLY UNFAIR

The Court must finally determine whether the Magistrate Judge's order was untimely and therefore fundamentally unfair and prejudicial to Abbott. Magistrate judges may "[c]onduct hearings, including evidentiary hearings, and . . . submit to a judge of the

---

[10] *See Froemming v. Gate City Fed. Sav. & Loan Ass'n*, 822 F.2d 723, 732 n.13 (8th Cir. 1987) (excluding an expert's testimony at trial because the testimony was based on a damages calculation other than the calculation the court previously held should be used); *Pharmanetics, Inc. v. Aventis Pharms, Inc.*, No. 5:03-CV-817, 2005 WL 6000369, at *11 (E.D.N.C. May 4, 2005) (finding an expert's opinion consisting of a damages calculation based on total loss of sales irrelevant after the court awarded partial summary judgment and remaining evidence did not support a finding of total loss of sales); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999) (finding an expert's testimony on emotional distress "only indirectly pertinent to the issues remaining in this case" after the emotional distress claim was dismissed); *L & M Beverage Co., v. Guinness Imp. Co.*, Civ. A. No. 94-4492, 1996 WL 368327, at *3-4 (E.D. Pa. June 24, 1996) (precluding expert testimony because it related to loss of profit damages after the court determined that diminution in value was the proper measure of compensatory damages). Abbott also cites to *Morris v. Hockemeier*, No. 05-0362, 2007 WL 1073875, at *4 (W.D. Mo. Apr. 4, 2007), in which the court struck an expert because the expert's report contained impermissible legal conclusions and failed to include any methodology or explanation of how the expert came to his conclusions. The issue of relevance is addressed only in a footnote and unlike in the present case, the court held that "the proposed expert's report is irrelevant to the issues remaining for trial. *Id.* at *4 n.2.

court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . ." 28 U.S.C. § 636(b)(1)(B) (2009). Abbott contends that the order was prejudicial because the Magistrate Judge entered it several months after discovery had closed and because Abbott allegedly did not conduct discovery with regard to the subjects covered in Dr. Scott Donnelly's declaration prior to the closure of discovery.

Abbott has cited no legal authority holding that a Report and Recommendation issued five months after a party has filed a motion constitutes a delay that is unduly prejudicial to the moving party, and this Court finds none. Further, this Court does not find that the timing of this order prejudiced Abbott due to the closure of discovery because Abbott had adequate warning that it should retain its own experts to discuss causation, the presence of E. sak in its products, and the other elements of a failure to warn claim. (*See* R&R at 12-13, Docket No. 367.)[11] Consequently, this Court finds that the Magistrate Judge's R&R was not untimely in a manner that was fundamentally unfair or unduly prejudicial to Abbott.

---

[11] It is particularly difficult to believe Abbott would not have prepared experts to rebut Dr. Scott Donnelly's opinions on the manufacturing process at Casa Grande given that the Magistrate Judge granted Plaintiffs' Motion to Compel disclosure relating to Casa Grande's E. sak testing procedures on July 8, 2011. (*See* Mag. Judge's Order on Mot. to Compel at 14-15, July 8, 2011, Docket No. 209.) Plaintiffs filed the motion after this Court had already dismissed all claims other than Plaintiffs' inadequate warning claim, and this Court affirmed the Magistrate Judge's decision to grant the Motion to Compel. (*See* Pl.'s Mot. to Compel, Feb. 7, 2011, Docket No. 172; Order Aff'ing Order of Mag. Judge at 4-6, 8, Oct. 31, 2011, Docket No. 269.)

# ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** Abbott's objections [Docket No. 379] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 18, 2012 [Docket Nos. 364, 367]. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant Abbott Laboratories' Motion to Strike Scott Donnelly and Catherine Donnelly and to Bar Evidence Regarding Dismissed Claims [Docket No. 289] is **DENIED**.

2. The parties show cause on or before twenty (20) days from the date of this Order why the Court should not unseal the Order and specify any portion of the Order warranting redaction.

DATED: September 30, 2012
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge