UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCKLAND BURKS and ADRIENNE LAWRENCE, *individually, and as parents and natural guardians of E.B.*, | Civil No. 08-3414 (JRT/JSM) |
| Plaintiffs, | **ORDER** |
| v. | |
| ABBOTT LABORATORIES and MEAD JOHNSON & CO., | |
| Defendants. | |

Stephen C. Rathke, Kate G. Westad, Nicholas A. Dolejsi, and Robert J. King, Jr., **LOMMEN, ABDO, COLE, KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402; Richard H. Taylor and W. Lloyd Copeland, **TAYLOR MARTINO**, 51 Saint Joseph Street, Mobile, AL 36601; Kara Hadican Samuels, **SANGISETTY & SAMUELS, LLC**, 610 Baronne Street, Third Floor, New Orleans, LA 70113, for plaintiffs.

June K. Ghezzi, Melissa B. Hirst, Kelly M. Marino, and Paula S. Quist, **JONES DAY**, 77 West Wacker Drive, Suite 3500, Chicago, IL 60601; Robert Bennett, Sara H. Daggett, and William J. Tipping, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for defendant Abbott Laboratories.

Margaret P. Daday, Anthony J. Anscombe, David J. Grycz, and Karen E. Woodward, **SEDGWICK LLP**, One North Wacker Drive, Suite 4200, Chicago, IL 60606; Frederick W. Morris, Brian W. Thomson, and Jonathon T. Naples, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; Mark L. Tripp, **BRADSHAW FOWLER PROCTOR & FAIRGRAVE PC**, 801 Grand Avenue, Suite 3700, Des Moines, IA 50309, for defendant Mead Johnson & Company.

This is a failure to warn action brought by Rockland Burks and Adrienne Lawrence ("plaintiffs"), individually and on behalf of their minor child, E.B., against Abbott Laboratories and Mead Johnson & Company (collectively, "defendants"). On January 8, 2013, the Court denied defendants' motions for summary judgment on plaintiffs' failure to warn claim and granted defendants' motions for summary judgment on plaintiffs' derivative loss of consortium claims. *See Burks v. Abbott Labs.*, __ F. Supp. 2d __, 2013 WL 101831 (D. Minn. Jan. 8, 2013). Defendants now move the Court to amend its January 8 order to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] For the reasons below, the Court will deny the motion.

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. *See* 28 U.S.C. § 1292(b); *see also TCF Banking and Sav., F.A. v. Arthur Young & Co.*, 697 F. Supp. 362, 366 (D. Minn. 1988). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

---

[1] Abbott filed the initial motion on February 3, 2013, (Docket No. 428), and Mead joined in the motion on February 11, 2013, (Docket No. 435).

28 U.S.C. § 1292(b).  While the statute gives the Court the discretion to certify an order for an immediate interlocutory appeal,[2] "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). (internal quotation marks omitted).  Further, "'[t]he legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  **It was not intended merely to provide review of difficult rulings in hard cases**.'"  *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)) (emphasis added).  For these reasons, a motion for certification of interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White*, 43 F.3d at 376.

---

[2] *See, e.g.*, *Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 36 (1995) ("28 U.S.C. § 1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable; this provision grants to the court of appeals discretion to review only orders first certified by the district court."); *Exec. Software N. Am., Inc. v. United States Dist. Court for Cent. Dist. of Calif.*, 24 F.3d 1545, 1550 (9th Cir. 1994) ("Even if the remand order meets the section 1292(b) criteria, the district court must agree to certify the order (a decision that itself is unreviewable)[.]" (overruled on other grounds by *Calif. Dept. of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)); *TCF Banking*, 697 F. Supp. at 366; *see also* 16 Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 3929 (2d ed.) ("The initial determination that appeal is desirable is confided to the discretion of the district judge, relying on the criteria specified in the statute."); 19 Moore's Fed. Prac. § 203.32[1] (Matthew Bender 3d ed.) ("Before certifying an interlocutory appeal, the district judge must be persuaded that the statutory criteria have been met. That decision lies within the discretion of the district judge.").

Here, defendants argue that the Court decided two issues that satisfy the criteria of section 1292(b). The first is the Court's decision that plaintiffs may rely on the doctrine of alternative liability in their action arising under the Louisiana Products Liability Act. *See Burks*, 2013 WL 101831, at *7-10. The second is the Court's decision that plaintiffs could rely on alternative liability if they established by a preponderance of the evidence that one of the defendants caused the harm. *Id.* at *8. Whether or not these issues qualify as "controlling question[s] of law as to which there is substantial ground for difference of opinion," the Court will deny defendants' motion because it finds that an interlocutory appeal will not "materially advance the ultimate termination of the litigation" in the exceptional manner contemplated by the statute.

For one, although this case presents more complex legal and factual issues than some product liability cases, it does not fall within the category of cases in which the statute was intended to be used. *See White*, 43 F.3d at 376 ("[Section] 1292(b) 'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958)).[3] Additionally, although a trial date has not been set, the action is ready to be tried so the potential to save resources by avoiding trial is not as great as it would have been earlier in the proceedings. *See Anderson v. Dairy Farmers of Am., Inc.*, Civ. No. 08-4726, 2010 WL 4318710, at *2 (D. Minn.

---

[3] *See also Kraus v. Bd. of Cnty. Rd. Com'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966) ("This statute was not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days.").

Oct. 27, 2010) ("[A]n interlocutory appeal would not materially advance the ultimate termination of this litigation. Discovery has ended and this case has been placed on the Court's civil trial calendar with the expectation of a five day trial."). Finally, the Court has considered the costs associated with allowing an interlocutory appeal as well as the savings. *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("[T]he benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case.").

Given the nature and posture of the present action, the Court finds that the action does not fall within the narrow and extraordinary circumstances where certification for interlocutory appeal is warranted. Therefore, the Court will deny defendants' motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Amend the Court's Summary Judgment Order to Certify the Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) [Docket No. 428] is **DENIED**.

DATED: March 11, 2013　　　　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge